S. OTIS LIVINGSTON, Appellant, *v.* WILLIAM I. NEGUS *et al.*, Respondents.

*Supreme Court, First Department, General Term, January, 24, 1890.*

*Appeal. Direction of verdict.*—When the court directs a verdict in favor of the plaintiff for a certain amount, the presumption is, where the case does not state that it contains all the evidence, that it is directed for all that he is entitled to recover.

Appeal from a judgment recovered on the direction of a verdict at the circuit.

*Arthur Furber*, for appellant.

*William F. MacRae*, for respondents.

DANIELS, J.—The plaintiff's cause of action was for goods sold and delivered by him to the defendants between the 1st of August, 1887, and the 30th of January, 1888, amounting, at the prices agreed upon, to the sum of $2,615.91. Payment of the sum of $481.42 was admitted, and judgment demanded for the balance. The defendants by their answer alleged that the goods had been sold upon a credit which had not expired at the time of the commencement of the action.

The defendant William I. Negus was the only witness whose testimony was taken upon the trial, and he testified that notes had been given to the plaintiff for ·goods purchased of him and involved in this suit. These notes, he stated, were given by his partner, who was the other defendant in the action. And only one of these notes had become due at the time when the suit was commenced, but they were both produced upon the trial and offered to be surrendered by the plaintiff. The amount of one of the notes was stated to be the sum of $531.98. The amount of the other was not mentioned. The witness further added that there were no special terms mentioned on the sale of the goods except in one or two cases. And that in the case of the sale of a lot of wire nails bought in January there would be sixty days from the 1st of February, but not all the goods bought in January were on sixty days.

So far as the action included these particular goods the credit had not expired at the time when the suit was brought. But the extent or amount of these sales for which the defendants were to have credit has not been stated in the case presented upon the argument of the appeal. At the close of the proof each party requested the court to direct a verdict in his or their favor. And the court did direct a verdict in favor of the plaintiff for the sum of $1,596.36, the amount due at the commencement of the action, together with interest amounting to the sum of $35.91. The plaintiff excepted to this direction of the verdict. But as credit was given for the goods sold in January, and the amount of those goods

so sold has not been stated in the case, nor the amount of the other note which was received by the plaintiff and became due before the time of the commencement of the action, it cannot be held that this direction was in any manner unwarranted or unsupported. The presumption, on the contrary, is that the court directed the verdict in favor of the plaintiff for all that he was entitled to recover for goods sold upon which no credit had been given, or where the credit which was given had in fact expired. It nowhere appears from the case that the goods included in the November note, maturing in March, were not included in this direction for the verdict. It is, on the contrary, to be inferred from the evidence, for all the evidence is not stated to be contained in the case, that the plaintiff had a judgment for all the goods not included in the January sales for which the defendants were entitled to have credit of sixty days from the 1st of February. This judgment appears to be right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concur.